Dudley v Karpenko (2025 NY Slip Op 51714(U))

[*1]

Dudley v Karpenko

2025 NY Slip Op 51714(U)

Decided on October 2, 2025

Civil Court Of The City Of New York, Kings County

Mimes, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 2, 2025
Civil Court of the City of New York, Kings County

Sherry Dudley, Plaintiff,

against
Oleg Karpenko, Defendant.

Index No. TS-300009-19/KI

Plaintiff: Sherry Dudley pro se
Defendant: Shari D. Steinfeld, esq., Amabile & Erman, P.C. 1000 South Avenue Staten Island, NY 10314-3407

Sherveal R. Mimes, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1-2
Answering Affidavits/ Affirmations
Reply Affidavits/ Affirmations
Memoranda of Law
Other
Defendant, Oleg Karpenko, M.D. ("defendant"), moves by notice of motion (Motion Seq. 3) for an order dismissing the instant action for want of prosecution pursuant to Section 3216 of the Civil Practice Law and Rules ("CPLR").
Plaintiff, Sherry Dudley ("plaintiff"), commenced this medical malpractice action on October 18, 2016, to recover damages for treatment, diagnosis, and/or evaluation that occurred between September 2013 and May 2015. Issue was joined in November 2016, and in December 2018, the Supreme Court transferred the matter to Civil Court pursuant to CPLR § 325 (d). On January 22, 2024, a predecessor judge granted an application by plaintiff's counsel for leave to withdraw. The court then adjourned the matter to April 11, 2024, for a status conference and directed that plaintiff retain new counsel or be prepared to proceed pro se. 
The defense filed its first motion to dismiss for want of prosecution on May 17, 2024. The court stayed the matter on the return date (June 13, 2024) and again directed plaintiff to retain counsel with instructions that said counsel file a notice of appearance and respond to the motion to dismiss. On the next court date, the court adjourned oral argument to October 15, 2024, reiterating that plaintiff should retain counsel, or, if proceeding pro se, file a written response to the motion. Defendant's motion was submitted without opposition on February 5, 2025. In the decision and order that followed, the court (Edwards, J.) opined that the defendant lacked proof of proper service of the CPLR 3216 demand. The court further opined that plaintiff demonstrated a justifiable excuse and meritorious claim, based upon plaintiff's extensive history of hospitalization and treatment, which plaintiff attributes to the defendant's malpractice. The defense filed its second motion to dismiss for want of prosecution on June 24, 2025. This court [*2]heard oral argument on August 6, 2025, despite plaintiff's unrepresented status and failure to interpose written opposition.
In support of the motion, defendant contends that this matter has been unreasonably delayed. Defendant points out that the plaintiff has failed to prosecute the case or appear by counsel since plaintiff's former counsel withdrew eighteen (18) months ago. Defendant contends that this matter parallels a dental malpractice case, Johnson v Aguwa, 176 AD3d 1039 (2d Dept 2019), in which the Appellate Division, Second Department affirmed an order issued in supreme court that granted a CPLR 3216 motion based upon the plaintiff's failure to appear and lack of preparedness for trial. Defendant also relies on a medical malpractice case (Budhram v Am. Dental Ctrs., 8 Misc 3d 1019 [a] [Civ Ct, Kings County 2005]) that was administratively transferred to the civil court like the case at bar. Defendant points out that the Budhram court granted a CPLR 3216 motion to dismiss after the unrepresented plaintiff failed to comply with the court's directive to restore the case to active status by a date certain. Finally, defendant argues that the plaintiff's lack of activity, since initiating this case nine years ago, has greatly prejudiced the defendant.
Plaintiff argued orally that the defendant's malpractice resulted in a myriad of medical conditions for which the plaintiff is continually receiving treatment. Plaintiff acknowledged that several hospitalizations and other health-related matters have caused delays but maintains that the instant medical malpractice claim is meritorious.
Section 3216 of the CPLR, entitled want of prosecution, provides, in pertinent part, that the court, on its own initiative or upon motion, may dismiss a party's pleadings on terms, when a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution of the case, or unreasonably fails to serve and file a note of issue (CPLR 3216). The statute further provides that no dismissal shall be directed unless the moving party complies with three conditions precedent (id.). The first requirement is that issue must be joined (id.). The second condition requires one year to have elapsed since joinder of issue, or six months since issuance of the preliminary conference order (where such an order has been issued) (id.). The third requirement consists of two prongs: (a) the party seeking dismissal for want of prosecution must have served written demand by registered or certified mail requiring the party against whom the relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety (90) days after receipt of the demand; and (b) the demand must indicate that the targeted party's default in complying with the demand within 90-days will serve as a basis for a motion to dismiss for unreasonably neglecting to proceed (id.).
Here, the defendant has demonstrated compliance with the conditions outlined in CPLR 3216; however, dismissal for want of prosecution is not a viable avenue for an accelerated judgment in this case. When a plaintiff receives a CPLR 3216 demand, the filing of a note of issue (in supreme court) within ninety (90) days of receiving the demand is generally deemed sufficient compliance (see CPLR 3216 (c)). The procedure for filing a note of issue is set forth in CPLR 3402, which provides that "any party may place a case upon the calendar by filing . . . a note of issue with the clerk . . . [and] [t]he clerk shall enter the case upon the [trial] calendar as of the date of filing of the note of issue" (CPLR § 3402). This procedure is not followed in the civil court.
A notice of trial with certificate of readiness triggers the calendaring of a case for trial in civil court (See Uniform Civil Rules for the New York City Civil Court § 208.17). Section 1301 of the New York City Civil Court Act ("CCA"), entitled how cause brought on for trial/notice of [*3]trial, provides, in pertinent part, "where all parties appear by attorney any party may serve a notice on the others fixing a date for trial." Said party must also file the notice with the clerk, who is required to place the matter on the trial calendar (CCA 1301). When any party appears in person, or pro se, Section 1301 obligates the clerk to fix a date for trial after joinder of issue (CCA § 1301). This procedure affords unrepresented litigants an equitable path to trial in the civil court. 
The procedure set forth under CCA 1301 supersedes the supreme court calendar practice rule under CPLR 3402. It further renders without application the statutory provision (CPLR 3216) that permits a defendant to obtain an accelerated judgment based upon an unrepresented plaintiff's failure to prosecute. To be sure, CCA § 2102 provides that "[t]he CPLR and other provisions of law relating to practice and procedure in the supreme court, . . . shall apply in [the civil court] as far as the same can be made applicable and are not in conflict with this act." The conflict presented in this case is two-fold. Firstly, the defendant may not demand that the plaintiff file a note of issue, as that procedural device is not utilized in this court. Secondly, this case may not be summarily dismissed for failure to prosecute when the civil court clerk, rather than the unrepresented plaintiff, is statutorily obligated to calendar this case for trial.
This court's interpretation of the above rules and their application here aligns with the holding in Erinna v Ofodile, 59 Misc 3d 723 (Civ Ct, New York County 2018). In that case, the court (Ramseur, J.) noted that the CPLR conflicted with the CCA under circumstances that mirror those presented in this case (Ofodile, 59 Misc 3d 723 (Civ Ct, New York County 2018). The court reasoned that dismissal pursuant to CPLR 3216 was not available against the pro se plaintiff, because the clerk is required to calendar the case for trial (Ofodile, 59 Misc 3d at 726).The Ofodile court also recognized that the legislature intended this difference to exist in the civil court due to "the reality that Civil Court practice involves many unrepresented litigants" (Ofodile, at 725-726). 
The defendant's reliance on the Johnson v Aguwa, 176 AD3d 1039 [2d Dept 2019] and Budhram v Am. Dental Ctrs., 8 Misc 3d 1019 (a) [Civ Ct, Kings County 2005] cases are misplaced. Unlike the case at bar, the Aguwa case was pending in the supreme court and presented issues that fell squarely within contemplation of CPLR 3216. In Budhram, a civil court judge marked the plaintiff's malpractice case off calendar and ruled that the plaintiff may restore the case to active status within one year, if the application to restore is accompanied by the affidavit of an expert. The Budhram defendants moved to dismiss the case after expiration of the one-year period on abandonment grounds in accordance with CPLR 3404. The presiding judge in the motion part ultimately decided the application in accordance with the standards that apply to dismissals for want of prosecution under CPLR 3216. For reasons already stated, this court is not inclined to follow that court's ruling at nisi prius. 
Lastly, a review of the record reveals that this matter languished for six years after being transferred to the civil court. There is no showing of the efforts expended by plaintiff's then attorney to move the case forward during that period with any reasonable dispatch. There is further nothing to suggest that the plaintiff has undertaken action to move the dial, beyond mere attendance at court appearances after the withdrawal of her attorney. Yet, the court emphasizes that every plaintiff/complainant has the affirmative duty to prosecute their case, whether represented or unrepresented by counsel. 
The defendant has also caused delays here. The strategy of immediately seeking [*4]dismissal for want of prosecution after the withdrawal of plaintiff's attorney, then again moving for the same relief resulted in a near two-year delay. A dispositive motion, so long as it remains undecided, precludes a trial from going forward. For this reason, the court finds without merit, or relevance, that part of the defendant's argument concerning prejudice. 
Based upon the foregoing, it is hereby
ORDERED, that the defendant's motion to dismiss for want of prosecution pursuant to CPLR § 3216 is denied; and it is further,
ORDERED, that the Clerk shall place this matter on the appropriate calendar for a pretrial conference and notify the parties; and it is further,
ORDERED, that the parties shall be prepared to exchange witness lists at the pretrial conference, including name/qualifications of each person whom the party expects to call as an expert witness at trial, and all other matters that are material and necessary in the prosecution or defense of this action; and it is further,
ORDERED, that the pretrial conference is FINAL with no further adjournments; and it is further,
ORDERED, that the parties shall appear at the pretrial conference and proceed or announce their readiness to proceed, or the presiding judge may note the default on the record pursuant to Section 208.14 (b) of the Uniform Civil Rules for the New York City Civil Court and enter an order setting the matter down for an Inquest if defendant fails to appear, or dismiss the action if plaintiff fails to appear. If no party appears, the presiding judge may strike the action from the calendar or make such other order as appears just. 
This constitutes the decision and order of the court.
Date: October 2, 2025
Hon. Sherveal R. Mimes
Civil Court Judge (NYC)